IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHELDON SCOT HINTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: MJG-16-4043 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 3]. I have considered the parties' cross-motions for summary judgment and the related filings. [ECF Nos. 11, 13, 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that Mr. Hinton's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Hinton protectively filed a claim for Disability Insurance Benefits ("DIB") on October 4, 2012, alleging a disability onset date of November 7, 2011. (Tr. 145-46). His claim

was denied initially and on reconsideration. (Tr. 90-93, 97-88). A hearing was held on May 4, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 30-59). Following the hearing, the ALJ determined that Mr. Hinton was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-29). The Appeals Council ("AC") denied Mr. Hinton's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Hinton suffered from the severe impairments of "residuals of lumbar fusion surgery and a disorder of the right shoulder." (Tr. 18). Despite these impairments, the ALJ determined that Mr. Hinton retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can no more than occasionally push and/or pull bilaterally; no more than occasionally operate foot controls bilaterally; never climb ladders, ropes, and scaffolds, or crawl; no more than occasionally climb ramps and stairs, stoop, kneel, and crouch; no more than frequently reach bilaterally, but never reach overhead with the right shoulder, and no more than occasionally reach overhead with the left shoulder; and he must avoid exposure to workplace hazards being unprotected machinery and unprotected heights.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Hinton could perform jobs existing in significant numbers in the national economy and therefore was not disabled. (Tr. 23-24).

Mr. Hinton raises two primary arguments on appeal: (1) that the ALJ failed to properly weigh the medical opinion evidence; and (2) that the ALJ erred in assessing his credibility. Each argument lacks merit and is addressed below.

First, Mr. Hinton contends that the ALJ failed to give proper weight to the opinions of his treating physician, Dr. Steadman. [ECF No. 11-1, at pp. 9-12]. Generally, a treating physician's opinion is given controlling weight when two conditions are met: (1) it is well-supported by

2

medically acceptable clinical laboratory diagnostic techniques; and (2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d at 590; *see also* 20 C.F.R. § 404.1527(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6). The Commissioner must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996) ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Contrary to Mr. Hinton's argument, the ALJ properly evaluated Dr. Steadman's opinions. Dr. Steadman opined that Mr. Hinton suffered from "extensive degeneration of his lumbar discs, several herniated discs causing nerve root compression, lumbar spondylosis and extensive facet arthropathy." (Tr. 528). Dr. Steadman also opined that Mr. Hinton had "chronic low back pain, muscle spasms and limited range of motion related to his condition." *Id.* Based on his findings, Dr. Steadman opined that Mr. Hinton "could sit for only one hour in an eight-hour workday, stand and/or walk for one hour in an eight-hour workday, would have to get up every fifteen minutes and move around, and never lift more than twenty pounds, push, pull, kneel, bend, and stoop." (Tr. 22); *see* (Tr. 493-99). Furthermore, Dr. Steadman opined on December 5, 2013, and

3

again on May 1, 2015, that Mr. Hinton was "permanently disabled due to [an] inability to sit, stand, or walk for prolonged periods." (Tr. 22); *see* (Tr. 500, 528).

The ALJ assigned Dr. Steadman's opinions "little" weight because they were inconsistent with the medical evidence. (Tr. 22). In particular, the ALJ noted that Dr. Steadman's opinions were "inconsistent with the objective clinical findings of Dr. Weingart in July 2014." *Id.* Based on his observations during examinations on April 18, 2013, and on May 30, 2013, Dr. Weingart noted that Mr. Hinton was "making progress" and that his preoperative symptoms were "dramatically better." (Tr. 347); *see* (Tr. 21). Moreover, during a follow-up appointment on June 19, 2013, Dr. Weingart noted that Mr. Hinton "states he is doing well and rarely needs to take his pain medication" and "denies any weakness, numbness and tingling and states he is able to ambulate without difficulty." (Tr. 415); *see* (Tr. 21). After examination on July 10, 2014, Dr. Weingart observed that Mr. Hinton had "full power in all four extremities" and deemed Mr. Hinton "clinically stable." (Tr. 22); *see* (Tr. 529). The ALJ concluded that Dr. Steadman's "findings regarding [Mr. Hinton's] status post back surgery are not as credible as those of Dr. Weingart, the claimant's treating neurosurgeon." (Tr. 22). These inconsistencies, in addition to others cited by the ALJ, provide sufficient justification for the ALJ's decision to accord "little" weight to Dr. Steadman's opinions.

Mr. Hinton also argues that the ALJ failed to consider the factors outlined in 20 C.F.R. §§ 404.1527(c)(1)-(6) when assigning weight to Dr. Steadman's opinions. The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 C.F.R. § 404.1527(c). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the

4

record as a whole; and the extent to which a medical opinion is supported by evidence. 20 C.F.R. §§ 404.1527(c)(1)-(5). Upon review of the record, I find that the ALJ properly considered the factors required under the regulations. Specifically, the ALJ cited Dr. Steadman's medical records, which denote her status as Mr. Hinton's treating physician, and indicate that she has treated Mr. Hinton since May 18, 2011. (Tr. 21). The ALJ then found that Dr. Steadman's opinions were inconsistent with the medical evidence. (Tr. 22). Citing Dr. Steadman's lack of specialization, the ALJ further opined that Dr. Steadman's findings were less credible than those of Mr. Hinton's treating neurosurgeon, Dr. Weingart. *Id.* Considering the entirety of the ALJ's analysis, I find that the ALJ properly applied the regulations in assigning weight to Dr. Steadman's opinions, and that her findings are supported by substantial evidence.

Second, Mr. Hinton contends that the ALJ failed to properly evaluate his credibility. "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). An ALJ, however, cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain. *See Lewis v. Berryhill,* 858 F.3d 858, 866 (4th Cir. 2017) (holding that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions).

Contrary to Mr. Hinton's contention, the ALJ properly evaluated his credibility. First, the ALJ correctly cited to Mr. Hinton's refusal to take pain medication as evidence that his pain was not as severe as he alleged. The ALJ opined that Mr. Hinton's "disinterest in seeking out

5

modalities by which to better manage his pain levels" indicated that "his symptoms were better controlled than he has alleged." (Tr. 22-23). *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) ("[A]n unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"); *see also Groves v. Colvin*, Civil No. JKS-13-083, 2014 WL 900818, at *4 (D. Md. March 6, 2014) (concluding that the claimant's "fear of addiction does not justify her selective refusal to take certain medications as prescribed"); *Muir v. Astrue*, Civil No. Civ. SKG-11-2041, 2013 WL 140779, at *8 (D. Md. Jan. 3, 2013) ("Use of only over-the-counter pain medication is viable evidence that a plaintiff's testimony regarding her pain was not credible.").

Furthermore, the ALJ opined that Mr. Hinton's subjective evidence of pain was undercut by her observations during the hearing. The ALJ noted that Mr. Hinton "testified that he could sit for only ten to fifteen minutes, but was able to sit for approximately twenty-seven minutes during the hearing without a break." (Tr. 23). Moreover, the ALJ noted that Mr. Hinton "testified about right upper extremity limitations, while simultaneously lifting his right arm above shoulder to level to demonstrate." *Id.* Finally, the ALJ cited Mr. Hinton's examination records, which revealed a "lack of follow-up treatment after his surgery, and the normal clinical findings following surgery." *Id.* Ultimately, the ALJ's detailed evaluation of the record evidence against Mr. Hinton's statements regarding his symptoms amply supports the ALJ's conclusion that Mr. Hinton's alleged limitations were not entirely credible. Thus, the ALJ properly evaluated Mr. Hinton's credibility, and supported her findings with substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 11];

2. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 17]; and

3. the Court CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: October 4, 2017 /s/
Stephanie A. Gallagher
United States Magistrate Judge